O’NIELL, J.
The relator in this proceeding, defendant in the suit, seeks to have a judgment of the Court of Appeal, rendered against him on a rehearing, avoided and set aside, and to have the original judgment of the Court of Appeal, in his favor, reinstated and made final. The complaint is that the plaintiff in the suit, against whom the original judgment was rendered, did not apply for a rehearing until the 15 days allowed by Act No. 16 of 1910 (page 28), had expired.
The record discloses that the first judgment rendered hy the Court of Appeal, affirming the judgment of the district court in favor of the defendant, was rendered and filed during a vacation of the Court of Appeal, and was therefore of no effect. Recognizing that the judgments and decrees handed down at that time were not effective or binding upon the parties against whom they were rendered, the Court of Appeal announced, when the judgments were rendered, that the 15 days allowed by law for the filing of applications for rehearing would not commence until the first day of the next session, as fixed by article 100 of the Constitution. It appears, from the answer of the judges' of the Court of Appeal to the rule issued herein, that they were of opinion, when they handed down their decisions in vacation, that their decrees were not null, but would not become effective until 15 days after the first day of their next session, and that, at all events, all parties who made application for rehearing would be bound by the action of the court thereon.
[1] The judges of the Court of Appeal concluded afterwards, and we agree with the conclusion, that any judgment that they had rendered during vacation was null, and would have had no effect if there had been no application for rehearing in the case. The plaintiff in this case filed his application for rehearing before the next session of the court began, but more than 15 days after the judgment of the Court of Appeal had been rendered against him.
[2, 3] We are not called upon to decide whether the judgment rendered on rehearing would have been valid, or binding upon the plaintiff, if the court had reinstated, instead of reversing, the judgment that had been rendered in vacation, affirming the judgment of the district court. For the question presented here is whether the judgment rendered on the so-called rehearing is binding upon the defendant, against whom it was rendered. It cannot be regarded as a judgment on rehearing, because there was no previous valid judgment rendered by the Court of Appeal, nor previous judgment — valid or invalid— rendered against the defendant in this ease. In effect, therefore, the defendant was denied the right to a rehearing, because an application for a second rehearing will not be considered by the court, unless the right to make such application be expressly granted in the decree rendered on a rehearing.
[4] Our opinion is that, when the judges of the Court of Appeal came to the conclusion, while considering plaintiff’s application for rehearing, that the judgment which they had rendered in vacation was null, they should have reinstated the case upon the docket, to be assigned for argument, as if no judgment had been rendered in the case by the Court of Appeal. And our conclusion is that the defendant, relator in this proceeding, is yet entitled to have the case disposed of in that way. Though, entitled to that much of the relief prayed for, he is not entitled to have the original judgment, rendered in his *403 favor toy the Court of Appeal, reinstated, because that judgment is null.
It is ordered that a peremptory writ of mandamus issue herein, directing their honors, the judges of the Court of Appeal, to reinstate the case entitled Jerry White v. Dr. W. A. Nabors, No. 1200, on their docket, to be assigned for argument, as if no judgment had been rendered therein by the Court of Appeal. The respondent, Jerry White, is to pay the costs of this mandamus proceeding.